# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09cv383

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| Vs. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| $40,000.00 IN UNITED STATES ) | |
| CURRENCY, ) | |
| Defendants. ) | |

**THIS MATTER** is before the court upon claimant Elliott David Morris's Motion to Dismiss. Having carefully considered claimant Elliott David Morris's Motion to Dismiss and reviewed the pleadings, the court enters the following findings, conclusions, and Recommendation.

## FINDINGS AND CONCLUSIONS

### I. Background

This is an action for civil forfeiture *in rem*, in which plaintiff seeks to have forfeited defendant currency, contending that such is the proceeds or facilitating property of drug-trafficking offenses, violations of 21 U.S.C. § 801 *et seq.* Compl., at ¶ 56. Claimant Morris argues that the Complaint should be dismissed and the $40,000.00 returned to him because the government has failed to assert sufficient facts to support a "reasonable belief" that the defendant property is subject to forfeiture. Memorandum in Support, at p. 2.

## II. Rule 12(b)(6): Applicable Standard

### A. Standard Applicable to Complaints Governed By the Federal Rules of Civil Procedure

Claimant Morris has moved under Rule 12(b)(6), Federal Rules of Civil procedure, to dismiss the Complaint against defendant. Id. Until recently, a complaint could not be dismissed under Rule 12(b)(6) unless it appeared certain that plaintiffs could prove no set of facts which would support their claim and entitle them to relief. Neitzke v. Williams, 490 U.S. 319 (1989); Conley v. Gibson, 355 U.S. 41 (1957). This "no set of facts" standard has been specifically abrogated by the Supreme Court in recent decisions.

First, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id., at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id., at 561 (alteration in original).

Post Twombley, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in its complaint that "raise a right to relief above the speculative level." Id., at 555.

[A] plaintiff's obligation to provide the "grounds" of his "entitle[ment]

> to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, plaintiffs must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added).

While the Court was clear in Twombly that Conley was no longer controlling, see Twombly, 550 U.S. at 563, and Felman Production Inc. v. Bannai, 2007 WL 3244638, at *4 (S.D.W.Va. 2007), it again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In Ashcroft, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where plaintiff pleads "facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in a complaint as true and considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences,

unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> B.   **Standard Applicable to Complaints Governed by the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims**

Without doubt Rule A(2) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims ("Supplemental Rules") make the Federal Rules of Civil Procedure Applicable to civil forfeiture actions, but only where the Federal Rule of Civil Procedure are not "inconsistent with" the Supplemental Rules. See Fed.R.Civ.P.Supp.R. A(2).

As discussed above, the pleading requirements under the Federal Rules of Civil Procedure were recently tightened, going from an "any set of facts" standard to a requirement that plaintiffs assert facts that could plausibly lead to substantive relief. Despite such heightened standard, it does not appear that the Rule 12(b)(6) standard has any substantive impact on the analysis of civil forfeiture actions *in rem* brought under the Supplemental Rules. Simply put, the pleading standard under the Supplemental Rule G(2)(f), which is for the government to "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial," Fed.R.Civ.P.Supp.R. G(2)(f), remains higher than the general pleading requirements found at Rule 8(a)(2), Federal Rules of Civil Procedure, which still only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Because civil forfeiture *in rem* provides the government with a powerful tool to effectuate an immediate deprivation of property (subject to later judicial review), pleading requirements under the

Supplemental Rules are more stringent than the general pleading requirements found in the Federal Rules of Civil Procedure. United States v. $38,000.00 Dollars in U.S. Currency, 816 F.2d 1538, fn. 20 (11th Cir. 1987).

This does not mean, however, that Iqbal and Twombly are inapplicable to civil forfeiture actions *in rem*. As one court has found:

> to the extent these decisions and their progeny do not conflict with the Supplemental Rules, they may help to clarify when a civil forfeiture complaint survives the motion to dismiss phase.

United States v. $22,173.00 in U.S. Currency, 2010 WL 1257601 (S.D.N.Y. March 30, 2010).[1]

### III. Discussion

In arguing that the government has failed to allege sufficient facts to show a reasonable belief, claimant has relied on case law which no longer supports that proposition due to subsequent amendment of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims (hereinafter "Supplemental Rules"). Specifically, claimant argued:

> in civil forfeiture proceedings, Rule E(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims requires that a forfeiture complaint state the circumstances from which the claim arises with particularity. Therefore, these rules work together to require that forfeiture complaints must meet both the general pleading requirements and the particularity requirement of the Supplemental Rules.

Memorandum in Support, at p. 2. In support of such argument, claimant cites United States v. Mondragon, 313 F.3d 862 (4th Cir. 2002), arguing that the Court of Appeals

---

[1] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

for the Fourth Circuit

> interpreted the particularity requirement of Rule E(2) to require that the complaint for forfeiture "must allege facts to support a reasonable belief that the property is subject to forfeiture." <u>Id.</u> at 865.

<u>Id.</u> While claimant accurately reports the substance of that decision, such 2002 decision no longer supports claimant's argument.[2] On December 1, 2006, Rule G of the Supplemental Rules replaced the *in rem* forfeiture provisions of Rule E(2),[3] which is the precise rule addressed by the appellate court in <u>Mondragon</u>. While the appellate court departed from the use of the phrase "at trial," Rule G(2)(f) specifically incorporated such phrase into Rule G(2)(f).

Not only is Rule G now applicable, the official commentary to the 2006 amendments to the Supplemental Rules specifically references the <u>Mondragon</u> decision in making clear that the standard now found at Rule G(2)(f) is applicable when determining the sufficiency of a Complaint. The United States Court for the District of Columbia explains well the genesis of this Supplemental Rule:

> Prior to 2006, complaints in forfeiture actions were governed by Rule E(2)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims. Rule E(2)(a) provided then and provides now:
> In actions to which this rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a

---

[2] The undersigned can find little fault in claimant's citation of such decision inasmuch as a Shepard's report would indicate that <u>Mondragon</u> remains good law despite the amendment of the Supplemental Rules.

[3] The events in this action allegedly occurred May 20, 2009, <u>see</u> Compl., at ¶ 8, making new Rule G fully applicable here.

> responsive pleading.
>
> In 2006, these Rules were amended and renamed the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). The 2006 Amendments added a new Rule G, supplanting Rule E(2)(a) and governing procedures in civil forfeiture actions. *See* Rule E of Supplemental Rules, advisory committee's note; Rule G of Supplemental Rules, advisory committee's note on 2006 adoption; *see also* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3261 (2d ed. Supp.2008).
>
> Under Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, a complaint in an *in rem* forfeiture case must:
>
> (a) be verified;
> (b) state the grounds for subject-matter jurisdiction, *in rem* jurisdiction over the defendant property, and venue;
> (c) describe the property with reasonable particularity;
> (d) if the property is tangible, state its location when any seizure occurred and-if different-its location when the action is filed;
> (e) identify the statute under which the forfeiture action is brought; and
> (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.
>
> Rule G(2) of Supplemental Rules. The *Advisory Committee's Note* clarifies that it adopts the standard that evolved in case law interpreting the earlier Rule E(2)(a) requirement and is intended to "carr[y] forward this forfeiture case law without change." Rule G of Supplemental Rules, advisory committee's note on 2006 adoption (*citing United States v. Mondragon*, 313 F.3d 862, 865 (4th Cir.2002)).

United States v. All Assets Held at Bank Julius Baer & Company, Ltd., 571 F.Supp.2d 1, 15 -16 (D.D.C. 2008).

* * *

Reading claimant's motion in light of Rule G(2), it appears that the only challenge raised is to the sufficiency of the factual allegations under Rule G(2)(f). In an *in rem* forfeiture case, the government must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of

proof *at trial*." Supplemental Rule G(2)(f)(emphasis added). The government's burden of proof at trial will be to prove that the defendant is subject to forfeiture by a preponderance of the evidence. 18 U.S.C. § 983(c)(1).

In considering the sufficiency of the government's Complaint under Rule G(2)(f), a court is not permitted to dismiss a Complaint simply because the government did not have sufficient evidence at the time the Complaint was filed to establish the forfeitability of the defendant. 18 U.S.C. § 983(a)(3)(D). Thus, the role of the court is a limited one:

> [T]he Government is not required to allege in the complaint all of the facts and evidence at its disposal. It is sufficient for the Government to simply plead enough facts for the claimant to understand the theory of forfeiture, to file a responsive pleading, and to undertake an adequate investigation. The issue is one of pleading, not proof at trial. And it is for this reason that "[n]o complaint may be dismissed on the ground that the Government did not have adequate evidence at the time the complaint was filed to establish the forfeitability of the property.

$22,173.00 in U.S. Currency, supra, at *2.

The undersigned has closely reviewed the factual allegations of the Complaint found at paragraphs 8 through 55. Clearly, those verified allegations detail the basis of the government's contention that defendant is either the proceeds or facilitating property of drug-trafficking offenses, violations of 21 U.S.C. § 801 *et seq*. Compl., at ¶ 56. The government has alleged that a specially trained drug dog alerted on claimant's vehicle. Compl., at ¶¶ 23-26. Officers then discovered a rubberized bag in the back seat of the vehicle from which the odor of marijuana emanated when it was opened. Id., at ¶¶ 28-29. Officers then opened a suitcase also located in the back seat, and there was a strong odor of marijuana emanating from that piece of luggage

as well. Id., at ¶¶ 30-31. Inside the suitcase, the officers found inside a paper bag a large amount of currency, divided into four distinct bundles. Id., at ¶¶ 32-34. The government has also alleged that while claimant stated that he had kept such money in his safe since 2000 and that he was bringing it to Asheville to his brother to buy rental property, the officers noticed upon later examination that the currency contained issuance dates after the year 2000. Id., at ¶¶ 50, 52, & 55.

Plaintiff's arguments that the Complaint fails to allege that any controlled substance was found and that the government has failed to allege that the money was found in a secret compartment are not determinative to whether the government has sufficiently stated a claim for forfeiture. Based on a totality of the circumstances alleged, including but not limited to the dog alert, the strong odor of marijuana detected in luggage found in the vehicle as well as the piece of luggage in which the currency itself was found, and the claimant's statement as to the origin of the funds (which officers had reason to believe was less than credible), the government has sufficiently stated detailed facts to support a reasonable belief that it will be able to meet its burden of proof at trial. Fed.R.Civ.P.Supp.R. G(2)(f). Conversely, claimant's arguments as to what was *not* found do not go to the viability of the Complaint, but go to his ultimate argument that he is an innocent owner, 18 U.S.C. 983(d)(1), his proof of which is proper for presentation after the government presents its proof concerning forfeiture.

**RECOMMENDATION**

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that claimant Elliott David Morris's Motion to Dismiss (#9) be **DENIED.**

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: May 10, 2010

Dennis L. Howell
United States Magistrate Judge