# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:09cv383

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| $40,000 in UNITED STATES CURRENCY, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Claimant's Motion to Dismiss, Motion to Suppress Use of Defendant Property, and Answer of Claimant Elliott David Morris [Doc. 6]; the Government's Motion for Summary Judgment, or in the Alternative, for Partial Summary Judgment [Doc. 15]; and the Claimant's Request for Hearing on his Motion to Suppress [Doc. 16].

## PROCEDURAL HISTORY

In this *in rem* forfeiture action, the Government seeks to forfeit $40,000 in United States currency seized from the Claimant Elliott Morris (Claimant) during a traffic stop on May 20, 2009. [Doc. 1]. Claimant has never been prosecuted for any alleged criminal wrongdoing which would cause the

property to be subject to forfeiture.

After filing a claim to the currency, the Claimant filed an Answer in which he asserted a "place holder" motion to dismiss. [Doc. 6]; Rule 7.1(C)(1), Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina (Local Rules) ("Motions to dismiss contained in answers to complaints ... are considered by the Court to be preserved."). The Claimant later filed a separate motion to dismiss supported by a brief. Id. ("A party wishing to have decided any preserved motion shall file a separate motion and supporting brief."). That motion, which did not address the issue of illegal search and seizure, was denied on June 7, 2010.[1] [Doc. 12].

In the Answer to the Complaint, the Claimant also included a "Motion to Suppress the Use of Defendant Property at Trial." [Doc. 6, at 2]. The Claimant contended that the officers had no reasonable suspicion to stop his vehicle for following too closely. [Id.]. The Claimant at no time made this motion in a separate pleading which was supported by memorandum of law, as required by the Local Rules. Rule 7.1(A) & (C), Local Rules. Asserting the right to suppression of the subject property in the Answer was not sufficient to preserve the Claimant's right to later have the motion considered. The "place-

---

[1] Nor would it have been proper to include a motion to suppress within the motion to dismiss. United States v. $78,850.00 in U.S. Currency, 444 F.Supp.2d 630, 636 (D.S.C. 2006) (discussing different standards).

2

holder" provision of the Local Rules expressly applies only to motions to dismiss and not motions to suppress.² Rule 7.1(C)(1), Local Rules.

The Pre-Trial Order and Case Management Plan, as amended, provided that motions in this matter must have been filed on or before September 7, 2010. [Doc. 8; Doc. 14]. The Claimant did not file a separate motion to suppress on or before that date.

On September 7, 2010, the Government moved for summary judgment, and alternatively, for partial summary judgment. [Doc. 15]. In response to that motion, the Claimant filed a pleading titled "Claimant's Request for Hearing on his Motion to Suppress and Response to Government's Motion for Summary Judgment and Partial Summary Judgment." [Doc. 16]. As noted, this was not a timely filed separate motion to suppress and no supporting brief was filed. The Local Rules do not allow the filing of motions contained within responsive briefs. Rule 7.1(C)(2), Local Rules ("Motions shall not be included in responsive briefs. Each motion should be set forth as a separately filed pleading.").

The Claimant has never filed a motion to suppress in the form required by the Local Rules and the time within which to do so has expired. The Court

---

²The assertion of a claim of illegal search and seizure in an answer is not a valid defense because it must be raised in a motion to suppress. United States v. 1866.75 Board Feet, 11 Doors and Casings, *etc*., 2008 WL 839792 (E.D.Va. 2008).

3

finds that no such motion is pending. The Court will therefore address whether the Government is entitled to summary judgment.

## STANDARD OF REVIEW

> Under the Federal Rules of Civil Procedure, summary judgment shall be awarded "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, ... show there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court has observed, "this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."

Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003), *certiorari denied* 541 U.S. 1042, 124 S.Ct. 2171, 158 L.Ed.2d 732 (2004) (emphasis in original).

A genuine issue of fact exists if a reasonable jury considering the evidence could return a verdict for the nonmoving party. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994), *certiorari denied* 513 U.S. 814, 115 S.Ct. 68, 130 L.Ed.2d 24 (1994), *citing* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact." Bouchat, 346 F.3d at 522, *citing* Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265

4

(1986).  If this showing is made, the burden then shifts to the non-moving party who must convince the Court that a triable issue does exist.  Id.

Nonetheless, in considering the facts for the purposes of a summary judgment motion, the Court will view the pleadings and material presented in the light most favorable to the nonmoving party.  Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

**DISCUSSION**

The controlling statute 21 U.S.C. §881(a)(6) provides that currency furnished in exchange for illegal drugs or used to facilitate illegal drug trafficking is subject to forfeiture.  The Civil Asset Forfeiture Reform Act of 2000 (CAFRA) requires the Government to prove by a preponderance of the evidence that the currency is subject to forfeiture.  18 U.S.C. §983(c)(1). Where "the Government's theory of forfeiture is that the [currency] was used to commit or facilitate the [commission of a drug] offense, or was involved in the commission [thereof], the Government shall establish that there was a substantial connection between the [currency] and the offense."  18 U.S.C. §983(c)(3). If the Government meets this burden, the claimant may then show by a preponderance of the evidence that he was an innocent owner.  18 U.S.C. §983(d)(1).

5

The parties do not dispute the following facts. On May 20, 2009, the Claimant was stopped by Henderson County Deputy Sheriff David McMurray. The Claimant was driving a white Chevrolet pickup and no one else was with him. The Claimant did not consent to a search of his vehicle. Thereafter, Deputy Sheriff Christi Ellis arrived with her drug-detection dog who walked around the pickup. McMurray began a search of the inside of the pickup where he found a brown paper bag in which he found $40,000 in cash. Drug Enforcement Administration (DEA) Agent Fred Westphal next arrived at the scene and advised the Claimant of his Miranda[3] rights.

The parties do dispute whether the drug dog alerted to the driver's door of the pickup. [Doc. 15-6; Doc. 16-4, at 12]. Deputy Ellis, who reported that alert, claimed that she smelled the odor of marijuana inside a blue bag once it had been removed from the pickup by Deputy McMurray and opened. [Doc. 15-6, at 3]. Agent Westphal claimed that when the Claimant's wallet was removed from his pants during a pat down, he smelled the odor of marijuana on the wallet. [Doc. 15-7, at 1]. The Agent stated that the Claimant made a telephone call to an attorney and advised the attorney the that there was $20,000 in cash in the vehicle which he was going to use to purchase rental property. [Id., at 2]. The Claimant testified that he did not tell anyone

---

[3]Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

6

how much money was in the vehicle. [Doc. 16-4, at 13-14]. The DEA agent also stated that drug dealers carry large amounts of cash and that Atlanta, where the Claimant lived, is a known drug market. [Doc. 15-7, at 3]. The Claimant testified that he owns a significant amount of rental real estate in Atlanta, frequently collects his rent in cash and uses that cash to pay day laborers, especially illegal aliens. [Doc. 16-4]. He also testified that he had saved a lot of cash in a safe at home due to concerns about Y2K and had never returned it to a bank. [Id.].

The Claimant's brother, Brian Morris, testified that on the date in question, he knew that his brother was coming to Asheville with $40,000 to use for a purchase of rental property. [Doc. 16-5, at 2-4]. They had a particular parcel in mind which they had previously considered. [Id.]. He described his brother's business consistently with the Claimant's testimony. [Id., at 4-6].

The Court has carefully considered the motion for summary judgment and the Claimant's response thereto. The pleadings raise issues related to the foundation for admissibility and weight to be accorded evidence, including evidence of dog and human "sniffs" to detect the smell of marijuana. The Government's argument in support of summary judgment cites the Claimant's "series of amended and bolstered explanations" for the possession of a large

7

sum of cash in his vehicle. [Doc. 15, at 17]. The Claimant's brother, however, corroborated his testimony concerning his work and the use of cash. The Government argues that the Claimant's defense is based entirely on credibility determinations which, it contends, may not be found in his favor. [Id., at 17-20]. But the credibility determinations posed in this case, which the Government admits are extant, are for a jury, not the Court. See, *e.g.*, United States v. $864,400.00 in U.S. Currency, 2009 WL 2171249 (M.D.N.C. 2009) (allegation of highly unlikely source of income without corroboration will not defeat summary judgment); United States v. $50,720.00 in U.S. Currency, 589 F.Supp.2d 582 (E.D.N.C. 2008) (claimant's wife contradicted his story of how he came to have the cash); United States v. $433,980 in U.S. Currency, 473 F.Supp.2d 685, 692 (E.D.N.C. 2007) (noting claimant stated he earned the money over a period of years but then refused to answer further questions, invoking Fifth Amendment).

The Government makes an alternative motion for partial summary judgment on the issue of whether the currency "was used to commit or facilitate [the commission of a drug] offense, or was involved in the commission [thereof]." 18 U.S.C. §983(c)(3). The burden on this issue is on the Government. The standard for summary judgment is whether a reasonable jury could return a verdict on the issue for the non-moving party.

Anderson, 477 U.S. at 248. The evidence on this point is conflicting, and the credibility of neither side's evidence is manifest. The Government seems to confuse its having presented a forecast of evidence that makes a *prima facie* case with its being entitled to judgment on the issue. This issue is for the jury.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Claimant's Motion to Suppress Use of Defendant Property, contained within the Answer of Claimant Elliott David Morris [Doc. 6], and the Claimant's Request for Hearing on his Motion to Suppress [Doc. 16] are hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion for Summary Judgment, or in the Alternative, for Partial Summary Judgment [Doc. 15] is hereby **DENIED**.

Signed: November 3, 2010

Martin Reidinger
United States District Judge